# United States Bankruptcy Court
## District of Massachusetts

| | |
|---|---|
| In re:<br><br>DEHON, INC.,<br><br>Debtor | Chapter 11<br>Case No. 02-41045-HJB<br>(Substantively Consolidated) |
| STEPHEN S. GRAY,<br>AS PLAN ADMINISTRATOR OF<br>DEHON, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN BARNETT, R. SCHORR BERMAN, JOHN W. BROWN, JILL K. CONWAY, PAUL E. GRAY, JEROME H. GROSSMAN, MICHAEL HAWLEY, THOMAS JOBSKY, ASHOK S. KALELKAR, MARGARET G. KERR, LORENZO LAMADRID, CHARLES R. LAMANTIA, PAMELA W. MCNAMARA, BERNHARD METZGER, ARNO A. PENZIAS, JAVIER ROTLLANT, CLAIRE RUSKIN, STUART SAINT, GERHARD SCHULMEYER, PETER WOOD, and WOLFGANG ZILLESSEN,<br><br>Defendants | Adversary Proceeding<br>No. 04-04287-HJB |

1

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

## MOTION TO DISMISS COUNT XLV

Before me is "Defendants R. Schorr Berman, John W. Brown, Jerome H. Grossman, M.D., Pamela W. McNamara, Arno A. Penzias, and Gerhard Schulmeyer's Motion to Dismiss" (the "Motion to Dismiss") the complaint filed against them by the Plan Administrator of Dehon, Inc. (the "Debtor"). In Count XLV of that complaint, the Plan Administrator seeks judgment against defendant McNamara to recover outstanding amounts owed to the Debtor under one or more promissory notes (the "Promissory Notes"). This recovery is predicated, in turn, on the Plan Administrator's successful avoidance of a mutual release entered into by McNamara and the Debtor which relieved McNamara of her obligations under the Promissory Notes (the "Release"). The Plan Administrator seeks to avoid the Release as a preferential or fraudulent transfer under the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"). In the Motion to Dismiss, McNamara seeks dismissal of Count XLV on grounds that the core claims for avoidance must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Federal Rules"). I have denied the Motion to Dismiss with respect to all core claims.[1]

---

[1] Subsequent to the filing of the complaint, the United States District Court for the District of Massachusetts withdrew its reference as to all claims, both core and non-core, but further ordered that (1) all pretrial proceedings, including determinations as to whether claims are core or non-core, would remain before me; (2) I had jurisdiction to enter final judgments with respect to pretrial dispositive motions for all core claims; and (3) I should provide the District Court with recommendations and proposed findings of fact and conclusions of law with respect to pretrial dispositive motions affecting non-core claims.

Contemporaneous with this Memorandum, I have issued an order ruling that Counts I-V, XIV, XXVII, XXVIII, XXXIII, XXXIV and XLV are non-core proceedings and the balance of the Counts are core proceedings. That order further denies the Motion to Dismiss with regard to all core claims.

However, I cannot make a ruling on the Motion to Dismiss with respect to Count XLV, because the matter is non-core. Therefore, I offer the following to the United States District Court for the District of Massachusetts, pursuant to its order of January 25, 2005 (Tauro, J.) and 28 U.S.C. § 157(c)(1) as proposed findings of fact and conclusions of law.

I.     PROCEDURAL POSTURE

As I have belabored the facts and events relevant to the present adversary proceeding in a concurrently-issued Memorandum addressing the defendants' Motion to Dismiss Counts I-V of the complaint, the following discussion will be brief. The plaintiff in this case is the Plan Administrator for the Debtor's confirmed Chapter 11 plan of liquidation, which plan authorizes him to pursue all rights of action on behalf of the Debtor's bankruptcy estate. In the present adversary proceeding, the Plan Administrator seeks recovery against former members of the Debtor's Board of Directors, including defendant McNamara, on several theories arising under various state and federal laws.

Pursuant to the District Court's January 25 order, see, supra, Footnote 1, I have before me the Motion to Dismiss, which seeks dismissal of non-core claims in Counts I-V and XLV of the complaint and core claims in Counts VI-IX and XXXVI-XLIV. I have denied the Motion to Dismiss as to all core claims and have issued recommendations and proposed findings of fact and conclusions of law with regard to non-core claims I-V. The only remaining issue to be addressed is the Motion to Dismiss Count XLV, the non-core claim for judgment against McNamara on the Promissory Notes.

3

II.  DISCUSSION

The claims against McNamara are raised in Counts XXXVI through XLV of the complaint. With the exception of Count XLV, all of those claims are core bankruptcy matters.[2] A majority of the core claims seek avoidance of certain transfers made by the Debtor to McNamara prior to the filing of the Debtor's bankruptcy petition. Included among those transfers is the release of McNamara's obligations to the Debtor under the Promissory Notes. Assuming the successful avoidance of the Release, the Plan Administrator seeks judgment against McNamara for the amount due under the Promissory Notes.

Because Count XLV is contingent upon the Plan Administrator's successful avoidance of the Release, it would follow that the Plan Administrator has not stated a claim for judgment on the Promissory Notes if I had ruled that the core claims for preferential and fraudulent transfers should be dismissed under Federal Rule 12(b)(6). I did not, however, dismiss the core claims against McNamara. Instead, I have decided that those counts adequately state claims under the relevant provisions of the Bankruptcy Code. Thus, it would be inappropriate to dismiss Count XLV at this time, as it is possible that the Plan Administrator may establish McNamara's continuing liability under the Promissory Notes.

---

[2] Count XXXVI seeks avoidance of preferential transfers pursuant to § 547 of the Bankruptcy Code; Counts XXXVII and XXXVIII seek avoidance of fraudulent transfers pursuant to § 548 of the Code; Counts XXXIX through XLII seek avoidance of fraudulent transfers pursuant to § 544 of the Code; Count XLIII seeks recovery of the value of any avoided transfers pursuant to § 550 of the Code; and Count XLIV seeks disallowance of any claim asserted by McNamara against the Debtor's bankruptcy estate, to the extent McNamara fails to pay over the value of any avoided transfers, pursuant to § 502 of the Code.

4

III.   CONCLUSION

Because I have denied the Motion to Dismiss with respect to the core claims against defendant McNamara seeking to avoid the Release, I respectfully recommend that the Motion to Dismiss Count XLV, seeking judgment on the Promissory Notes, also be DENIED.

DATED: October 5, 2005                    By the Court,

                                          _____
                                          Henry J. Boroff
                                          United States Bankruptcy Judge